IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE:<br><br>**TRISTATE DEVELOPMENT, LLC**<br><br>Debtor | **Case No.: 25-12552-LSS**<br>**Chapter 11** |
| **PISCATAWAY BAY HOLDINGS, LLC**<br><br>Debtor | **Case No.: 25-12555-LSS**<br>**Chapter 11**<br><br>**JOINTLY ADMINISTERED** |

## MOTION TO CONVERT CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS CASE

Matthew W. Cheney, the Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby moves to convert these jointly administered cases to a liquidation under Chapter 7 of the United States Bankruptcy Code or, in the alternative, to dismiss these cases. As shown in more detail below, these cases should be converted or dismissed because the Debtors have failed to file monthly operating reports and pay fees. In further support of this Motion, the United States Trustee states as follows:

### I.      JURISDICTION AND VENUE

1.      The Court has jurisdiction to hear this motion under 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      Venue before this Court is proper under 28 U.S.C. § 1409(a).

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 1112(b) and Fed. R. Bankr. P. 9013, 9014.

4.      The United States Trustee has standing to bring this motion pursuant to 11 U.S.C. § 307 and is entrusted with monitoring the progress of cases filed under Chapter 11 pursuant to 28 U.S.C. § 586(a)(3)(G).

## II.      BACKGROUND

5.      Tristate Development, LLC and Piscataway Bay Holdings, LLC ("Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Code on March 25, 2025.

6.      On April 1, 2025, this Court entered an order granting joint administration of the two cases.  Dkt. No. 13.

7.      The Debtors have remained in possession of the estates' assets and continue to manage their financial affairs.  11 U.S.C. §§ 1107, 1108.  No unsecured creditors' committee has been appointed.

8.      The Debtors have failed to file the monthly operating report for May 2025 and owe quarterly fees of $501.06.

## III.      ARGUMENT

### A.  Cause Exists to Convert or Dismiss these Cases Pursuant to 11 U.S.C. § 1112

9.      Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases.  Section 1112(b)(1) provides in relevant part:

> on request of a party in interest, and after notice and a hearing, . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).  Once a movant has established cause, the Court must exercise its discretion to determine which action – conversion or dismissal – best suits the circumstances of the case.  *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14

F.3d 240, 242 (4th Cir. 1994); *see also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010)

(After cause is established, the "court must dismiss the case or convert the case . . . or appoint a

Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate).

*Accord In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011).

10.     Section 1112(b)(4) contains an illustrative, non-exclusive list of what constitutes

cause to dismiss or convert a case to Chapter 7.  *See In re Sydnor*, 431 B.R. 584, 590 (Bankr. D.

Md. 2010).  Additionally, a bankruptcy court has wide discretion to determine whether cause

exists to dismiss or convert a case.  *In re Products Int. Co.,* 395 B.R. 101, 109 (Bankr. D. Ariz.

2008); *In re Tornheim*, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995) (factors in Section 1112(b)

are not exhaustive, and bankruptcy court has wide discretion to determine if cause to convert

exists).

11.     Cause includes, among other things, "unexcused failure to satisfy timely any

filing or reporting requirement established by this title or by any rule applicable to a case under

this chapter."  11 U.S.C. § 1112(b)(4)(F).  Cause also includes failure to pay quarterly fees due to

the United States Trustee Program.  11 U.S.C. § 1112(b)(4)(K).

12.     Prior to the initial interview with the United States Trustee, the Debtors were

provided with a copy of the Office of the United States Trustee's Chapter 11 Guidelines for the

District of Maryland ("Guidelines").  The United States Trustee reviewed these Guidelines with

the Debtors' representative at the Initial Debtor Interview.  These Guidelines expressly state that

a debtor-in-possession needs to file monthly operating reports with the Court for each month

after a petition is filed until a plan is confirmed or the case is dismissed or converted.

Furthermore, the Guidelines state that if a debtor-in-possession fails to comply with these

requirements, the United States Trustee may file a motion to convert or dismiss on that basis.  At

the initial debtor interview and again at the Section 341 meeting, the United States Trustee advised the Debtors' representative that the Debtors must file timely monthly operating reports. Moreover, 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8) require that a debtor file with the Court and the United States Trustee "periodic reports and summaries of the operation" of the debtor's business, "including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires". 11 U.S.C. § 704(a)(8).

13.     Monthly operating reports are critical to the transparency of information at the heart of an effective and efficient bankruptcy system; they are the primary means through which creditors, the Court, the Office of the United States Trustee, and all parties in interest can monitor the Debtors' post-petition operations and finances. *See In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995). The failure to file monthly operating reports undermines the Chapter 11 process. *Id.* "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process. Monthly operating reports are much more than busy work imposed upon a Chapter 11 Debtor for no reason other than to require it to do something. They are the means by which creditors can monitor a debtor's post-petition operations." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).

> **i.      These Cases Should be Converted or Dismissed Pursuant to 11 U.S.C. §§ 1112(b)(4)(F), (H) Because the Debtors Failed to Timely File Monthly Operating Reports.**

14.     The Debtors have filed the monthly operating reports late and are delinquent in filing the monthly operating report for May 2025. Even if the Debtors file corrective and catch-up monthly reports, they cannot "undo" the failures that currently exist and that have existed for months. *See In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 716 (Bankr. D. Md. 2011) (filing "catch-up monthly operating reports" two days prior to the hearings on pending motions

to dismiss or convert "does not satisfactorily explain or excuse Landmark's failure to satisfy its duties as a chapter 11 debtor.").

15.     Because the Debtors have failed to file timely monthly operating reports, these cases should be converted to Chapter 7 or dismissed. *See* 11 U.S.C. § 112(b)(4)(F).

16.     Alternatively, this Court has held that the failure to file a monthly operating report in and of itself constitutes cause to convert or dismiss a case under section 1112(b)(4)(H) of the Bankruptcy Code. *In re Sydnor*, 431 B.R. at 596 (holding that each failure to file an operating report in a Chapter 11 case – by itself – establishes cause under 11 U.S.C. § 1112(b)(4)(H)).

> **ii.     These Cases Should be Converted or Dismissed Pursuant to 11 U.S.C. § 1112(b)(4)(K) Because the Debtors Failed to Pay Quarterly Fees.**

17.     There also may be cause to dismiss or convert these cases to Chapter 7 because the Debtors have failed to pay quarterly fees, which are required pursuant to 28 U.S.C. § 1930(a)(6). At this time, the Debtors owe fees of $501.06. If the Debtors remains delinquent in paying quarterly fees, these cases should be converted to Chapter 7 or dismissed. *See* 11 U.S.C. § 1112(b)(4)(K).

**B.  Conversion is in the Best Interest of Creditors and the Estate.**

18.     Once cause has been established, the Court must exercise its discretion to determine which action – conversion or dismissal – is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1); *see Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d. 240, 242 (4th Cir. 1994); *see also In re Sydnor*, 431 B.R. at 590 (After cause is established, the "court must dismiss the case or convert the case…or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate).

19.     In determining which remedy – dismissal or conversion – is in the best interest of creditors and the estate, the Court should consider the following factors:

a. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion than dismissal;

b. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

c. Whether the debtor would simply file a further case upon dismissal;

d. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;

e. In assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise;

f. Whether any remaining issues would be better resolved outside the bankruptcy forum;

g. Whether the estate consists of a 'single asset';

h. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;

i. Whether a plan had been confirmed and whether any property remains in the estate to be administered; and

j. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2012) (quoting *7 Collier on Bankruptcy* § 1112.04[7] (citing cases)).

20.     The United States Trustee believes that the best interests of the estate and creditors would be served by converting these cases to Chapter 7 so that a trustee can reach and maximize assets for the benefit of creditors.

21.     Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests that the Court enter an Order converting these cases to Chapter 7 or, in the alternative, to dismiss these cases, and granting such other and further relief as the Court deems just and proper.

Date: June 23, 2025                    Submitted by,

                                       Matthew W. Cheney
                                       Acting United States Trustee for Region 4
                                       By Counsel

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No. 12933
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
(301) 344-6216
Fax: (301) 344-8431
Email: Jeanette.Rice@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025 , I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Motion to Convert or Dismiss will be served electronically by the Court's CM/ECF system on the following:

Justin Philip Fasano  jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com, tmackey@mhlawyers.com,mevans@mhlawyers.com,cmartin@mhlawyers.com,Fasano.JustinR 92003@notify.bestcase.com

Maurice Belmont VerStandig  mac@mbvesq.com, lisa@mbvesq.com, mahlon@dcbankruptcy.com,mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestc ase.com,verstandiglaw@recap.email

Nicole C. Kenworthy  bdept@mrrlaw.net

Paul Everett Knupp pek@leeshoemaker.com

Steven H. Greenfeld steveng@cohenbaldinger.com

I hereby further certify that on June 23, 2025, a copy of the Motion to Convert or Dismiss was also served by first class mail, postage prepaid on:

Tristate Development LLC
1015 Walker Woods Drive
Great Falls, VA 22066

Piscataway Bay Holdings LLC
1015 Walker Woods Drive
Great Falls, VA 22066

*/s/ L. Jeanette Rice*
L. Jeanette Rice