UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **TRISTATE DEVELOPMENT, LLC,** | ) | Case No. 25-12552-LSS |
| | ) | Chapter 11 |
| Debtor. | ) | |

**OBJECTION TO APPROVAL OF
DISCLOSURE STATEMENT
PROPOSED BY C-STORE, INC.**

Comes now, Tristate Development, LLC, the Debtor and Debtor-in-Possession (the "Debtor") and submits this objection to the adequacy of the Disclosure Statement proposed by C-Store, Inc. pursuant to §1125 of the Bankruptcy Code and in support thereof respectfully states as follows:

1. On March 25, 2025 (the " Petition Date"), the Debtor, and its affiliate, Piscataway Bay Holdings, LLC (collectively the "Debtors"), each filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

2. At all times since the Petition Date, the Debtors have remained in possession of their assets and continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On April 1, 2025, this Court entered an order requiring the joint administration of the Debtor's case with that of its affiliate, Piscataway Bay Holdings, LLC.

4. To the extent any objection, in whole or in part, contained herein is deemed to be an objection to confirmation of the Plan rather than, or in addition to, an objection to the adequacy of the Disclosure Statement, the Debtors reserve their rights to assert such objection, as well as any other objections, to confirmation of the C-Store, Inc.'s Plan. Furthermore, to the

extent the Debtors are impacted in any way by the contents of any supplements or amendments to C-Store, Inc.'s Disclosure Statement or its Plan, which may be filed after any Disclosure Statement or Plan confirmation objection deadline, the Debtors reserve their rights to object thereto.

5. Section 1125 of the Bankruptcy Code prohibits the solicitation of votes on a reorganization plan prior to court approval of a written disclosure statement (after notice and a hearing) which contains "adequate information." See 11 U.S.C. § 1125(b).

6. The "adequate information" requirement is designed to help creditors in their negotiations with debtors over the plan. See *Century Glove, Inc. v. First American Bank*, 860 F.2d 94 (3d Cir. 1988); *In re Ferretti*, 128 Bankr. 16, 18 (Bankr. D.N.H. 1991) (the purpose of a disclosure statement is to provide "adequate information" to creditors to enable them to determine whether to accept or reject a proposed plan). Adequate information is defined by the Code as:

> ... information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ...." *See* 11 U.S.C. § 1125(b).

7. Courts have held that an acceptable disclosure statement must contain "simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [Bankruptcy] Code alternatives so that [creditors] can intelligently accept or reject the Plan." *In re Copy Crafters Quickprint, Inc.*, 92 Bankr. 973, 981 (Bankr. N.D.N.Y. 1988). In short, a proposed disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there

are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

8. The Debtors believe that in several material respects, the C-Store, Inc.'s Disclosure Statement does not contain information sufficient to enable a reasonable person to make an "informed judgment about the Plan."

9. Indeed, C-Store, Inc.'s Disclosure Statement fails to disclose the fact that the Debtor's property is currently landlocked. This fact has a material detrimental effect on the value to be received from C-Store, Inc.'s proposed auction of the property.

10. C-Store, Inc.'s Dislcosure Statement fails to mention the joint administration of the Debtors' cases. Furthermore, it fails to address the fact that the property of the affiliate has been pledged as additional collateral for a portion of C-Store, Inc.'s claims against the Debtor. A sale, refinance or marshalling of the affiliate's property could significantly alter the expected payment to creditors.

11. In order to bring the Disclosure Statement into compliance with 11 U.S.C. §1125(a) such that the Plan may be confirmable under the Bankruptcy Code, the Disclosure Statement must be modified as set forth herein. Unless and until Disclosure Statement is revised, the Disclosure Statement should not be approved.

Based on the foregoing, Plaintiffs respectfully request that an order be entered  (i)

denying approval of the Disclosure Statement unless it is modified as set forth herein, and (ii) granting such other and further relief as the Court deems just and proper.

      Respectfully submitted,

      LAW OFFICES OF STEVEN H. GREENFELD, L.L.C.

      By:*/s/ Steven H. Greenfeld*
        Steven H. Greenfeld
        325 Ellington Blvd, #610
        Gaithersburg, MD  20878
        (301) 881-8300
          Counsel for Debtors-in-Possession

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of October 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Objection, will be served electronically via the Court's CM/ECF system on the following:

Jeanette Rice, Esq.
*Office of the U.S. Trustee*

Maurice B. VerStandig, Esq.
*Counsel for C-Store, Inc.*

I HEREBY FURTHER CERTIFY that on the 2nd day of October 2025, a copy of the forgoing Objection was also mailed, first class mail, postage prepaid to:   None

      */s/ Steven H. Greenfeld*
      Steven H. Greenfeld